Madden, Judge,
delivered the opinion of the court:
The plaintiff on July 10,1935, entered into a contract with the Government by which it agreed to construct an electric power transmission line, and remove an existing line, at the Dover Reservoir in Ohio. The work included the setting of twenty-three new towers. It was completed within the time set by the contract, as extended by the Government.
The plaintiff sues because, it claims, the Government’s agents, during the course of the work, required the plaintiff to perform extra work and furnish extra materials, not covered by the contract or included in the contract price. The plaintiff presented evidence relating to nine separate items of claim but at the oral argument it abandoned one of those items and we have made no findings of fact concerning that item. As to the items of claim designated as numbers 1, 2, and 6 in our findings of fact, the Government’s agents conceded, while the claims were still pending in the Department, that some extra work or materials were ordered, and allowed the plaintiff some extra compensation, very much less than the plaintiff claimed, which extra compensation was paid. As to the other items of claim which we have numbered 3, 4, 5, 7, and 8, the Government’s agents took the position that the work done at their insistence was called for by the contract, and that no extra compensation was due. All of the differences between the parties related to questions of fact as to the value of the extra work or material, or questions of the proper interpretation of the contract, to determine whether the work or material furnished was within the requirements of the contract.
The contract, which is incorporated by reference in our findings, contains, the conventional versions of Article 3, re *53 lating to Changes, Article 4, Changed Conditions, Article 5, Extras, and Article 15, Disputes. Article 15 contains the following language:
Except as otherwise specifically provided in this contract, all other disputes concerning questions arising under this contract shall be decided by the contracting officer or his duly authorized representative, subject to written appeal by the contractor within 30 days to the head of the department concerned or his duly authorized representative, whose decision shall be final and conclusive upon the parties thereto as to such questions. In the meantime the contractor shall diligently proceed with the work as directed.
Paragraph 1-36 of the specifications contained the following language:
Interpretation of Specifications. On all questions relating to the acceptability of material or machinery, classification of materials, the proper execution of the work, and the interpretation of the specifications, the decision of the contracting officer shall be final, subject to appeal as provided for in Article 15, P.W.A. Form No. 51.
The contracting officer made his decisions as to the plaintiff’s claims. The plaintiff appealed to the Chief of Engineers, who apparently was, and certainly was regarded by the plaintiff as being, the duly authorized agent of the head of the department to decide the appeals. That official sustained the contracting officer’s rulings. There is no evidence indicating that the decisions of the Chief of Engineers and the contracting officer were arbitrary, or were not supported by substantial evidence. They were, therefore, final and are not reviewable here. We have also found, as a fact, that the decisions of these officials were as favorable to the plaintiff as the evidence would have warranted.
The plaintiff’s petition will be dismissed.
It is so ordered.
Whitaker, Judge; and Littleton, Judge, concur.
Jones, Judge; and Whaley, Chief Justice, took no part in the decision of this case.